IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOYCE W. HARPER,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CV 20-52-BU-JTJ<br><br>**MEMORANDUM AND ORDER** |

## INTRODUCTION

Plaintiff Joyce W. Harper (Harper) brought this action to obtain judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner), denying her applications for disability benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433.

## JURISDICTION

The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper given that Harper resides in Gallatin County, Montana. 29 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3). The parties have consented to have the undersigned

conduct all proceedings in this matter and enter judgment. (Doc. 10).

## BACKGROUND

Harper is 58 years old. (Doc. 17 at 197). Harper has a high school education. (Doc. 17 at 53). Harper has past work experience as a property manager and as a janitor. (Doc. 17 at 53). The last time that Harper worked was on or about August 8, 2017. (Doc. 17 at 31, 55).

Harper filed her applications for Social Security disability benefits and supplemental security income benefits on August 10, 2017. (Doc. 17 at 193, 197). Harper alleged that she became disabled on February 5, 2017. (Doc. 17 at 197). Harper alleged that she became disabled due to degenerative disc disease with pinched nerves in her spine, 5 mini strokes, cataracts, migraines and short term memory loss. (Doc. 17 at 80).

An Administrative law judge (ALJ) conducted a hearing on Harper's applications for social security benefits on October 15, 2019. (Doc. 17 at 47). The ALJ issued her decision on November 21, 2019. (Doc. 17 at 40). The ALJ determined that Harper was not disabled at any time between February 5, 2017, and November 21, 2019, the date of her decision. *Id.* The ALJ determined that Harper did not qualify for disability benefits and supplemental security income benefits because she possessed the residual functional capacity to perform jobs

2

that existed in significant numbers in the national economy. (Doc. 17 at 39-40).

Harper requested that the Administration Appeals Council (Appeals Council) review the ALJ's decision. (Doc. 17 at 1). The Appeals Council denied Harper's request for review. *Id.* The Appeals Council's denial made the ALJ's decision the final decision of the Commissioner. *Id.*

Harper filed the present appeal on October 5, 2020. (Doc. 1). The matter has been fully briefed. (Docs. 19, 20 and 21). The Court is prepared to rule.

## STANDARD OF REVIEW

The Court's review in this matter is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).

## BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the

3

claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A),(B)).

The Social Security Administration regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. *Id.* The five steps of the inquiry are:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Does the claimant have an impairment that is severe or a combination of impairments that is severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Do any of the claimant's impairments "meet or equal" one of the impairments described in the listing of impairments in

        20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante*, 262 F.3d at 954. The claimant bears the burden of proof under steps one through four. *Id.* The Commissioner bears the burden of proof under step five. *Id.*

### A. ALJ's determination

At step one, the ALJ determined that Harper had engaged in substantial gainful activity during the period from February 5, 2017 through August 8, 2017, but had not engaged in substantial gainful activity after August 8, 2017. (Doc. 17 at 31).

At step two, the ALJ determined that Harper had a single severe impairment: degenerative disc disease. (Doc. 17 at 32). The ALJ determined that Harper had the following non-severe impairments: carpal tunnel syndrome, migraines, a skin lesion, anxiety, depression, personality disorder, and alcohol abuse (in remission). *Id.* The ALJ determined that these impairments were non-

5

severe because the impairments, considered separately or in combination, did not cause more than a minimal limitation on Harper's ability to perform basic work activities. (Doc. 17 at 32). The ALJ determined that Harper's 5 alleged mini strokes did not qualify as a medically determinable impairment because the record contained no supporting evidence. *Id.*

At step three, the ALJ found that Harper did not have an impairment, or combination of impairments, that met or was medically equal to one of the listed impairments. (Doc. 17 at 33-34).

Before considering step four, the ALJ determined Harper's residual functional capacity. The ALJ determined that Harper possessed the residual functional capacity to perform light work subject to the following limitations: 1) Harper can lift, carry, push and/or pull twenty pounds occasionally and ten pounds frequently; 2) Harper can sit six hours in an eight-hour work day; 3) Harper can stand and/or walk six hours in an eight-hour work day; 4) Harper can frequently climb ramps and stairs; 5) Harper can occasionally climb ladders, ropes or scaffolds; 6) Harper can frequently balance, kneel and crouch; 7) Harper can occasionally stoop and crawl; 8) Harper can frequently handle and finger; 9) Harper must avoid concentrated exposure to extreme cold; 10) Harper must avoid settings with noise louder than office level; 11) Harper must avoid

concentrated exposure to vibration; and 12) Harper must avoid hazards including, unprotected heights and dangerous moving machinery. (Doc. 17 at 34).

At step four, the ALJ determined that Harper was unable to perform her past relevant work as a property manager and janitor. (Doc. 17 at 38-39).

At step five, the ALJ determined that Harper possessed the residual functional capacity to perform jobs that existed in significant numbers in the national economy such as: general office clerk; pacing and shipping clerical work; shipping order clerk; information clerk; appointment clerk; and referral and information aide. (Doc. 17 at 39-40). Based on this finding, the ALJ determined that Harper was not disabled. (Doc. 17 at 40).

## CONTENTIONS

### A. Harper's Contentions

Harper argues that the Court should reverse the Commissioner's decision and either remand the case for an award of benefits or remand this case for further proceedings. (Doc. 19 at 28). Harper argues that the Commissioner's decision should be reversed for the following reasons:

1. The ALJ erred when she failed to provide sufficient reasons for discounting the opinions of treating physician Dr. Cathy Grace, M.D. regarding her limited ability to walk, sit, stand and lift weight.

2. The ALJ erred when discounted her testimony regarding the intensity, persistence, and limiting effects of her back pain and other symptoms without considering the amount of medical treatment that she had received;

3. The ALJ erred when she presented a hypothetical to the vocational expert that failed to include all of the physical limitations described by Dr. Grace, and failed to account for the amount of medical treatment she has received for her back pain and other symptoms.

(Doc. 19 at 23-31).

### B. Commissioner's Position

The Commissioner argues that the Court should affirm the ALJ's decision because her decision was based on substantial evidence and was free of legal error.

## DISCUSSION

### A. Dr. Grace's Opinions

Dr. Cathy Grace began treating Harper on or about October 26, 2017, for back pain. (Doc. 17 at 391-398). Dr. Grace, drafted a medical letter on September 13, 2018, regarding Harper's chronic back pain. (Doc. 17 at 654). Dr. Grace stated, without explanation, that Harper was "unable to walk, sit, [or] stand for more than 15 minutes," and that Harper was "unable to lift more than 10lbs." *Id.*

The ALJ stated that she discounted Dr. Grace's opinions regarding Harper's

physical limitations because Dr. Grace's opinions were "not based on objective findings or abnormalities" and Dr. Grace had "not report[ed] objective findings that would support such severe limitations." (Doc. 17 at 38).

Harper argues that the ALJ erred when she discounted Dr. Grace's opinions because the ALJ did not evaluate the "consistency" of Dr. Grace's opinions as required under the new regulations for evaluating medical opinion evidence.

Harper filed her applications for social security benefits after March 27, 2017. The ALJ was therefore required to apply the new regulations when she evaluated medical opinions. 82 Fed. Reg. 5844-01 (Jan. 18, 2017). The new regulations eliminated the hierarchy that gave the opinions of treating sources more weight than non-treating sources, and gave the opinions of examining sources more weight than non-examining sources. *See* Revisions to Rules, 2017 WL 168819. Under the new regulations, the ALJ must consider and evaluate the persuasiveness of medical opinions based on the following factors:

1. The supportability of the opinion;

2. The consistency of the opinion;

3. The medical source's relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of examinations);
4. The medical source's specialization;

5.     The medical source's familiarity with other evidence in the record; and

6.     The medical source's familiarity with the social security disability program requirements.

20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(a), (b)(2).

The factors that an ALJ must address in a particular case depends on whether the medical opinion is contradicted or uncontradicted. 20 C.F.R. § 404.1520c(a)-(b). If the medical opinion is uncontradicted, the ALJ need only address the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The supportability factor looks inward at the medical evidence presented in support of the medical opinion. A medical opinion that is supported by significant relevant medical evidence is more persuasive. Conversely, a medical opinion that is not supported by relevant medical evidence is less persuasive. 20 C.F.R. § 404.1520c(c)(1).

The consistency factor, on the other hand, looks outward. The consistency factor compares the medical opinion to other medical and non-medical evidence in the record. A medical opinion that is consistent with the other medical and non-medical evidence in the record is more persuasive. 20 C.F.R. § 404.1520c(c)(2). Conversely, a medical opinion that is not consistent with the other medical and

non-medical evidence in the record is less persuasive. *Id.*

When an ALJ must decide between two differing but equally persuasive medical opinions on the same issue, the ALJ must consider all of the referenced factors including: the medical source's relationship with the claimant, the medical source's specialization, the medical source's familiarity with other evidence in the record, and the medical source's familiarity with social security disability program requirements. 20 C.F.R. §§ 404.1520c(b)(2)-(3); 416.920c(b)(2)-(3).

Under current Ninth Circuit law, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from a treating or examining doctor. *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995). The Ninth Circuit has not yet addressed whether the new regulations alter these standards. See, e.g., *Robert v. Saul*, 2021 WL 1214518, at *4 (D. Or. March 3, 2021); *Titus L.S. Saul*, 2021 WL 275927, at *6 (C.D. Cal. Jan. 26, 2021). Nevertheless, the new regulations require the ALJ to explain her reasoning for discounting a medical opinion from a treating or examining source. See 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must explain "how persuasive" she found the medical opinion to be based on the applicable factors, and the ALJ's reasoning must be supported by substantial evidence. *Machelle H.*

*v. Kijakazi*, 2021 WL 4342313, at *7 (D. Idaho Sept. 22, 2021).

Here, the ALJ did not fully comply with the new regulations when she addressed the persuasiveness of Dr. Grace's opinions. The ALJ did address the supportability factor. The ALJ noted that Dr. Grace's September 13, 2018, letter fails to reference any objective medical findings that support her opinions regarding Harper's limited ability to walk, stand, sit or lift weight. (Doc. 17 at 38). The ALJ failed, however, to address the consistency factor. The ALJ did not discuss whether Dr. Grace's opinions regarding Harper's ability to walk, stand, sit or lift weight were consistent with the other medical and non-medical evidence in the record. The ALJ's failure to consider the consistency factor was legal error. An ALJ must address the consistency factor in every case. 20 C.F.R. § 404.1420c(b)(2).

### B. Harper's Statements Regarding the Severity of Her Symptoms

Harper argues that the ALJ erred when she evaluated her testimony regarding the intensity, persistence and limiting effects of her impairments. Harper argues that the ALJ's evaluation of her testimony was erroneous because the ALJ failed to consider the frequency and duration of the medical treatments she had received for her back pain and other symptoms, as required under Social Security Ruling (SSR) 16-3p, paragraph 2(d)(5). (Doc. 19 at 19-20). Harper

12

points out that she had 115 medical visits over the course of 33 months. (Doc. 19 at 35). Harper had 4 medical visits in a three month period in 2017, 32 medical visits in 2018, 75 medical visits in 2019 and 4 medical visits in a six month period in 2020. (Doc. 19 at 23). Harper argues that she averaged 3.48 medical visits per month between 2017 and October 15, 2019, and 6.25 medical visits per month in 2019. *Id.*

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or intensity of symptoms is credible. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce the pain or other symptoms alleged. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptoms she has alleged. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Rather, the claimant need only show that her impairment could reasonably have caused some degree of the symptoms. *Id.*

If the claimant satisfies the first step of this analysis, the ALJ must evaluate "the intensity and persistence of [the claimant's alleged] symptoms to determine

the extent to which the symptoms limit [the claimant's] ability to perform work-related activities." *See* Soc. Sec. Ruling (SSR) 16-3p, 2017 WL 5180304, at *3. When evaluating the intensity, persistence and limiting effects of the claimant's symptoms, the ALJ must consider each of the following factors to the extent there is evidence in the record that relates to the factor:

1. the claimant's daily activities;

2. the location, duration, frequency, and intensity of the claimant's pain or other symptoms;

3. the events that precipitate or aggravate the claimant's symptoms;

4. the type, dosage and effectiveness of any medication that the claimant takes to relieve her pain or other symptoms;

5. the medical treatment that the claimant has received for relief of pain or other symptoms; and

6. any measures other than medical treatment that the claimant uses to relieve her pain or other symptoms.

SSR 16-3p, § 2(d), 2017 WL 5180304, at *7-8.

Here, the ALJ discussed all of Harper's physical and mental impairments and Harper's daily activities. (*See* Doc. 17 at 34-37). However, the ALJ did not consider how the frequency and duration of Harper's medical treatment needs could potentially interfere with her ability to work. The prejudice of this omission is demonstrated in the vocational expert's response to the hypothetical questions

14

presented by the ALJ. The vocational expert Anne Arrington testified that if an individual was off-task more than 5% of an eight-hour workday, excluding normal work breaks, that individual would not be able to perform any work in the national economy. (Doc. 17 at 73-74). Accordingly, it was error for the ALJ to not consider the frequency and duration of Harper's medical treatment.

### C. Hypothetical Question Presented to the Vocational Expert

Hypothetical questions posed to a vocational expert must address all of the claimant's limitations and restrictions. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). "The testimony of a vocational expert is valuable only to the extent that it is supported by medical evidence." *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). If the assumptions in the hypothetical are not supported by the record, the vocational expert's testimony that the claimant could perform other work that exists in the national economy has no evidentiary value. *Embrey*, 849 F.2d at 422.

As discussed above, the ALJ erred when she did not provide adequate reasons for finding Dr. Grace's opinions unpersuasive. The ALJ also erred when she failed to consider the frequency and duration of Harper's medical treatment. These errors may have affected the ALJ's hypothetical question to the vocational expert, and in turn, may have undermined the vocational expert's testimony that

Harper could perform other work that existed in the national economy.

## REMEDY

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Remand for an award of benefits is appropriate only where there are no outstanding issues that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the ALJ had properly considered all of the evidence in the record. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

Here, there are outstanding issues to be resolved. It is not clear whether Harper is disabled. Remand for further proceedings is appropriate. On remand, the ALJ should re-evaluate the persuasiveness of Dr. Grace's opinions. The ALJ should apply both the supportability and the consistency factors, as required under 20 C.F.R. § 404.1520c(b)(2). The ALJ should also consider the frequency and duration of Harper's medical treatment.

Accordingly, IT IS HEREBY ORDERED:

1. The Commissioner's decision to deny Harper's claim for disability and supplemental income benefits is REVERSED and REMANDED for further proceedings.

2.  The Clerk is directed to enter judgment accordingly.

DATED this 29th day of December, 2021.

/s/ John Johnston
John Johnston
United States Magistrate Judge